UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D.S. SUDDUTH SR., ) | Case No. CV 16-03561-CAS (AS) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | |
| DAVE DAVEY, ) | |
| ) | |
| Respondent. ) | |

**BACKGROUND**

On May 23, 2016, Petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1). Petitioner challenges his 1995 convictions for first degree murder and attempted murder and the sentence imposed for those convictions in Los Angeles County

Superior Court[1] (Case No. TA030680). The Petition alleges the following grounds for habeas relief: (1) "The identification of the petitioner as a homicide suspect is so deficient it violates the petitioner[']s due process rights of the U.S. Constitution."; and (2) Petitioner received ineffective assistance of counsel based on his appellate counsel's failure to argue, on appeal, that Petitioner's convictions were the result of overly suggestive identifications (Petition at 5-6, Attachment at 1-2 ["Declaration of Innocence"], Memorandum of Points and Authorities at 1-8).

**Prior Habeas Petitions Challenging 1995 Convictions**

Petitioner has filed several habeas actions challenging the same 1995 judgment entered by the Los Angeles Superior Court:

Case No. CV 98-04330-AAH (RZ)

On June 1, 1998, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See Christopher Sudduth v. Susan Yearwood, et al., Case No. CV 98-04330-AAH; Docket Entry No. 1. On July 15, 1998, the District court issued an Order and Judgment dismissing that habeas

---

[1] On January 24, 1995, a Los Angeles County Superior Court jury convicted Petitioner of one count of first degree murder and two counts of attempted murder. Petitioner was sentenced to prison for 40 years to life for the murder conviction and life with the possibility of parole for the attempted murder convictions. (See Christopher D. Sudduth, Case No. CV 98-08256-AHM (RZ); Docket No. 14 at 3).

2

petition without prejudice based on Petitioner's failure to exhaust state remedies with respect to all claims alleged therein. (Id.; Docket Entry Nos. 5-6).

Case No. CV 98-08256-AHM (RZ)

On October 8, 1998, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See Christopher D. Sudduth v. Robert Ayers, Jr., et al., Case No. CV 98-08256-AHM (RZ); Docket Entry No. 1. On June 29, 1999, the District court issued an Order and Judgment denying that habeas petition with prejudice as untimely, in accordance with the finding and conclusion of the Magistrate Judge (with one inserted correction). (Id.; Docket Entry Nos. 14-15). On October 5, 2000, the District court denied a certificate of appealability. (Id.; Docket Entry No. 17).

Case No. CV 00-07110-AHM (RZ)

On June 6, 2000, Petitioner filed a Petition for Writ of Habeas Corpus. See Christopher Sudduth v. Robert Ayers, et al., Case No. CV 00-07110-AHM (RZ); Docket Entry No. 1. On July 18, 2000, the District Court issued an Order summarily dismissing that habeas petition without prejudice as an unauthorized successive petition. (Id.; Docket Entry No. 6). On December 5, 2000, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 12).

3

Case No. CV 04-03197-AHM (RZ)

On May 5, 2004, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See Christopher D. Sudduth v. Cheryl K. Pliler, Case No. CV 04-03197-AHM (RZ); Docket Entry No. 1. On July 19, 2004, the District court issued an Order summarily dismissing that habeas petition without prejudice as an unauthorized successive petition. (Id.; Docket Entry No. 4). On August 18, 2004, the District court denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 6). On September 9, 2004, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 10). On December 15, 2004, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive habeas petition in the district court. (Id.; Docket Entry No. 12).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

4

>    (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
>    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
>    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
>    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.
>
>    (4) A district court shall dismiss any claim

        presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition, filed on May 23, 2016, as well as the prior habeas actions which also challenge Petitioner's custody pursuant to the same 1995 judgment entered by the Los Angeles County Superior Court, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claim(s) asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an

6

order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

To the extent that Petitioner is attempting to allege a claim of actual innocence in an attempt to bypass the successive petition hurdle, see McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013)("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations), Petitioner has failed to show the actual innocence exception applies in his case. Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, supra (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see

7

House v. Bell, 547 U.S. 518, 538 (2006)("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt–or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.").

Here, Petitioner's asserted claim of actual innocence is merely a claim of evidentiary error (overly suggestive identifications) and ineffective assistance of appellate counsel. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("'Actual innocence' means factual innocence, not mere legal insufficiency."); Morales v. Ornoski, 439 F.3d 529, 533-34 (9th Cir. 2006). Moreover, Petitioner has not even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup v. Delo, supra, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Petitioner simply has not presented an "exceptional case[] involving a compelling claim of actual innocence." House v. Bell, supra, 547 U.S. at 521; see Schlup v. Delo, supra ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."); McQuiggin v. Perkins, supra ("We caution, however, that tenable actual-innocence gateway pleas are

rare").

Consequently, it does not appear that the actual innocence exception to filing a successive petition would apply, although this is a determination which must be made by the Ninth Circuit Court of Appeals.

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 2, 2016

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

9